UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

ANTHONY RAY JOHNSON,            )
                                )
        Plaintiff,               )
                                ) No. 1:12-cv-66-CLC-SKL
v.                              )
                                )
COMMISSIONER OF SOCIAL SECURITY, )
                                )
        Defendant.               )

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's motion for approval of attorney's fees under 42 U.S.C. § 406(b) [Doc. 23].[1] Plaintiff seeks a fee award in the amount of $17,590.32.

## I.    BACKGROUND

Plaintiff was denied disability benefits by the Commissioner of Social Security ("Commissioner" or "Defendant"). He appealed that decision, and this Court reversed and remanded his claim, finding that the ALJ did not adequately consider all evidence in the record and did not provide sufficient analysis or explanation for his determinations in his ultimate decision, and concluded that the ALJ's decision was not supported by substantial evidence. Plaintiff's claim was remanded to the Commissioner for proper consideration and analysis of the full record of medical evidence of Plaintiff's mental and physical conditions [Docs. 14 & 15]. Based on his successful appeal to this Court, Plaintiff moved for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d) [Doc. 16]. The undersigned recommended the motion be granted to award $4,461.66 in attorney's fees for 25.20 hours of work at $177.05 an hour, plus $350.00 in

---

[1] This matter has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b). *See In re: Referral of Social Security Cases*, SO-09-01 (Feb. 2009).

costs [Doc. 21]. The district judge accepted and adopted the R&R and Plaintiff was awarded $4,461.66 in attorney's fees and costs of $350.00 [Doc. 22].

On remand, a favorable decision was entered as to Plaintiff on May 2014 with an onset date of May 21, 2008 [Doc. 23 at PageID# 1987 & 1988]. Plaintiff was represented on a contingency fee agreement, pursuant to which Plaintiff's counsel would receive 25% of any past-due benefits award [Doc. 23 at PageID# 1986, 1988, 1989]. Accordingly, 25% of past due benefits, or $22,051.98, was withheld by the Commissioner to pay Plaintiff's attorney [Doc. 23 at PageID# 1988; Doc. 24 at PageID# 2012]. Plaintiff's counsel has already been awarded a fee of $4,461.66[2] so he now moves for a fee award of $17,590.32 in order to recover the full contingency amount [Doc. 23 at PageID# 1986].

In support of his motion, Plaintiff has submitted documentation regarding the contingency fee agreement and the prior fee award, a memorandum in support, affidavit of his counsel, with an itemized description of the time counsel spent working on his case, and the affidavit of Plaintiff [Docs. 23 & 24].[3] Defendant filed a response stating Defendant does not oppose the motion for fees [Doc. 25].

---

[2] Plaintiff states in paragraph 7 of his motion, that the amount awarded under EAJA was $4,461.60 [Doc. 23, PageID #1987], but the amount awarded under EAJA was $4,461.66 [Doc. 22].

[3] Counsel for Plaintiff states that upon the award of benefits to Plaintiff since Plaintiff has a minor child who is eligible for benefits, Plaintiff also will receive past due benefits of an additional sum of approximately fifty percent of Plaintiff's awarded amount of past-due benefits but that sum has not yet been calculated officially by the Commissioner at this time. Plaintiff's counsel states that he is not seeking any of the minor child's benefits as part of his attorney's fees and only seeks his percentage of benefits from the those benefits directly payable to Plaintiff [Doc. 23, PageID # 1988].

2

## II. ANALYSIS

The Social Security Act allows a claimant to receive a reasonable attorney's fee, but no more than 25% of his past-due benefits, when he receives a favorable judgment. 42 U.S.C. § 406(b)(1). A judgment ordering either the award of benefits or a remand may be considered "favorable" within the meaning of the statute, so long as the claimant is awarded benefits "by reason of" the judgment. *Id.*; *see also Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006).

An award under § 406(b) differs from an EAJA award, which uses the "lodestar" concept to set a reasonable hourly rate for fees. *Rodriquez v. Bowen*, 865 F.2d 739, 743-44 (6th Cir. 1989). The percentage-based fee award was designed to "assure adequate compensation" to the attorney and "encourage attorney representation" by taking into account the inherent risk in pursuing an uncertain claim. *Id.* at 744, 746. The Supreme Court addressed the interplay of contingent-fee agreements and fee awards under § 406(b) holding that nothing in the text or history of § 406(b) "reveals a design to prohibit or discourage attorneys and claimants from entering into contingent fee agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002) (quotation omitted). The Court explicitly rejected the lodestar method for calculating fees under § 406(b), but noted courts must review contingent-fee agreements for reasonableness, and "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807. A court should not approve a contingency fee if it results in a windfall to the attorney. *Id.* at 808.

In assessing the reasonableness of a fee request, courts should consider whether a fee agreement has been executed between the claimant and the attorney. *Bowen*, 865 F.2d at 746. If so, the court should consider the timing of the agreement—i.e., whether it was executed before litigation commenced or after victory was already certain. *See Damron v. Comm'r of Soc. Sec.*, 104

F.3d 853, 856-57 (6th Cir. 1997). The court should also consider the agreement's terms. *Rodriquez*, 865 F.3d at 746. If the agreement states the attorney will be paid a certain percentage within the statutory range, it is entitled to a rebuttable presumption of reasonableness. *Id.* A deduction from the amount specified by agreement should generally be made only when the claimant's counsel was ineffective or unduly delayed the litigation or where the award would be a "windfall" because of an "inordinately large benefit award" or "minimal effort expended." *Id.*

In light of these principles and the case law cited by Plaintiff's counsel, I **FIND** the fee request to be reasonable. The request is supported by a contingency fee agreement that was executed when Plaintiff retained his counsel, and is therefore entitled to a rebuttable presumption of reasonableness. I do not find that Plaintiff's counsel was in any way ineffective. Rather, Plaintiff prevailed on the issue he brought before the court. Nor do I find that Plaintiff's counsel improperly delayed the litigation. To the contrary, Plaintiff did not request any extensions of the Court's deadlines, and even filed his dispositive motion a few days prior to the filing deadline established by the Court [Docs. 10 & 11]. *See Rodriquez*, 865 F.3d at 747 (noting that a court "should not look kindly" at a pattern of waiting until the last day to file a motion or response). Furthermore, I do not find that the award would be a windfall as Plaintiff's benefit award is not inordinately large. *See, e.g.*, *McEwen v Comm'r of Soc. Sec.*, No. 3:06-cv-319, 2014 WL 1224212 (M.D. Tenn. 2014) ($9,453.78 award under § 406)*, Salvo v. Comm'r of Soc. Sec.*, 751 F. Supp. 2d 666 (S.D.N.Y. 2010) ($28,934 award under § 406); *Trejos v. Comm'r of Soc. Sec.*, No. 6:07-cv-1100-Orl-28GJK, 2010 WL 2854234 (M.D. Fla. 2010) ($16,889.05 award under § 406). In addition it appears that Plaintiff's counsel represented Plaintiff for an extended period before this Court and before the Social Security Administration. In sum, the Commissioner has not identified, and the undersigned

4

has not found, any reason to doubt the reasonableness of the fee request. Further, Plaintiff's counsel states he is not seeking attorney's fees pertaining to the minor child's benefits awarded to Plaintiff [Doc. 23, PageID # 1988].

I further **FIND** that the EAJA fee award of $4,461.66 [Doc. 22], must be credited to Plaintiff, as Plaintiff's counsel is not entitled to attorney's fees under both EAJA and § 406(b). *See Jankovich v. Bowen,* 868 F.2d 867, 870-871 (6th Cir. 1989); *Tharp,* 2011 WL 3438431, at *8 (stating that attorneys must refund the smaller fee to the claimant when both EAJA and § 406(b) fees are awarded). Therefore, from the $22,051.98 withheld by the Commissioner to pay Plaintiff's attorney, the amount of $17,590.32 (which takes into account a reduction of the amount of the EAJA fee) should be awarded as an attorney's fee with the balance paid to Plaintiff.

### III. CONCLUSION

Accordingly, I **RECOMMEND**[4] that Plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) [Doc. 23] be **GRANTED** and that Plaintiff's counsel be awarded $17,590.32 with the balance of $4,461.66 paid to Plaintiff.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[4] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).